CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC 21 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROGER ALONGZO HOPKINS,<br>　　Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:12-cv-00536 |
| v. | ) <br> ) <br> ) | **MEMORANDUM OPINION** |
| BRRJA MEDICAL SERVICES, et al.,<br>　　Defendants. | ) <br> ) | By:　Hon. Jackson L. Kiser<br>　　　Senior United States District Judge |

Roger Alongzo Hopkins, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the BRRJA Medical Services and Mrs. White, "Head of the Medical Department" at the Blue Ridge Regional Jail ("Jail"). This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff has been bleeding from his rectum while defecating since August 2012, and a Jail's nurse told plaintiff he has hemorrhoids. Plaintiff "wrote Mrs. White" about not being seen by a doctor as quickly as he wanted, but plaintiff admits seeing a doctor at the Jail in October 2012. Although plaintiff complains that no one has treated his bleeding rectum, plaintiff admits being prescribed Acetate suppositories, Omeprozole, Prilosec, and Hydrocortisone for his hemorrhoids.

Plaintiff was housed in the Jail's Medical Department between November 2 and 5, 2012, to treat gout. Upon leaving the Medical Department, staff assigned plaintiff to a bottom bunk on the first floor of the Jail. As of November 14, 2012, plaintiff's hemorrhoids continue despite still

using the Acetate suppositories and Hydrocortisone. Jail staff has not transferred plaintiff to a hospital despite his persistent requests.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate,

sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A group of persons, like the BRRJA Medical Services, is not a "person" subject to 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983). Even if plaintiff intended BRRJA Medical Services to refer to a non-corporeal entity, he failed to identify any policy, practice, or custom that violated a civil right. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982).

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). A medical need serious enough to give rise to a constitutional claim

involves a condition that places the inmate at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986).

Plaintiff fails to identify Mrs. White's deliberate indifference. Plaintiff merely alleges that he told Mrs. White about a delay to see a doctor, but plaintiff does not establish that Mrs. White was involved with scheduling plaintiff to see a doctor, who plaintiff admits eventually seeing. See, e.g., Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Plaintiff's disagreement with medical staff about whether to send plaintiff to a hospital does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Moreover, plaintiff does not establish that his hemorrhoids are a serious medical need; plaintiff merely alleges that he bleeds when defecating without noting any discomfort or pain. See Gregg v. Georgia, 428 U.S. 153, 173 (1976) (recognizing the unnecessary and wanton infliction of pain violates the Eighth Amendment).

### III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 21st day of December, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge